In the Matter of the Application of ALEXANDER C. ZABRISKIE and GEORGE G. ZABRISKIE, Respondents, for a Peremptory Mandamus Order, *v.* WALTER W. LAW, JR., and Others, as and Constituting the State Tax Commission, Appellants.

Second Department, October 13, 1922.

Motor vehicles — registration — under Highway Law, § 282, as amended by Laws of 1920, chap. 687, and Laws of 1921, chap. 580, use of motor vehicle still governs registration — peremptory mandamus order directing Tax Commission to register Ford automobile of " Station Wagon " type as private motor vehicle for personal use properly granted — use of car entirely personal and not commercial.

Under section 282 of the Highway Law, as amended by chapter 687 of the Laws of 1920 and chapter 580 of the Laws of 1921, the use made of a motor vehicle is still an element governing registration. Accordingly, a peremptory mandamus order directing the State Tax Commission to register as a private motor vehicle for personal use a Ford automobile with a wooden body of the type known as a " Station Wagon " was properly granted where it appears that the use of the car is entirely personal and not commercial.

APPEAL by defendants, Walter W. Law, Jr., and others, from a peremptory mandamus order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Suffolk on the 29th day of April, 1922, directing said defendants to register the motor vehicle of the respondents, upon payment of the fee provided for passenger cars by subdivision 6 of section 282 of the Highway Law.

*Robert P. Beyer,* Deputy Attorney-General [*Charles D. Newton,* Attorney-General, with him on the brief], for the appellants.

*George Gray Zabriskie* [*John H. Iselin* with him on the brief], for the respondents.

KELLY, J.:

The averments in the petition are not contradicted by answer or affidavit. The petitioners own a Ford automobile with a wooden body of the common type known as " Suburban " or " Station Wagon." These station wagons are in common use, especially in the country in the summer time. The petition avers, and it is not contradicted, that the motor vehicle has two seats, one of which can be, but seldom is, taken out. It is kept by the petitioners at their country residence in Suffolk county and used for the conveyance of the petitioners, the members of their household and their friends, and sometimes for the carriage of articles for home use and baggage between the home and the railroad station. It is never used for commercial purposes, or for hire, or for the trans-

portation of goods, wares or merchandise except as above stated. It is primarily constructed and equipped for the transportation of persons. · These allegations of fact are not disputed in any way.

In January, 1922, the petitioners applied for the registration of this station wagon as a private motor vehicle for personal use, tendering seven dollars and sixty-three cents, the fee payable for such registration under the Highway Law, section 282, subdivision 6, but the defendants insist that the registration should be as an auto truck or omnibus under the Highway Law, section 282, subdivision 6a, as a motor vehicle " constructed or specifically [specially] equipped for the transportation of goods, wares and merchandise, commonly known as auto trucks or light delivery cars," the registration fee for such vehicles being ten dollars.*

The petitioners, respondents, argue that the position of the State Tax Commission is unsound and affects great numbers of owners of such station wagons; that the excess fee demanded by the Commission amounts in the aggregate to a very large sum of money each year and is unauthorized by law. The Commission, on the other hand, insists that the station wagon is " constructed or specifically [specially] equipped for the transportation of goods, wares and merchandise," and that the construction of the vehicle is the controlling factor, not its use, under the law, as amended by Laws of 1920, chapter 687.

The Attorney-General refers to the Highway Law (Art. 11, Motor Vehicles, added by Laws of 1910, chap. 374, as amd.) as it existed prior to the amendment, Laws of 1920, chapter 687. The law then classified as motor trucks " motor vehicles constructed or specifically equipped for the transportation of goods, wares and merchandise and used or to be used for such purpose."† It appears that in 1919 the Attorney-General construed this language to mean that the use to which the vehicle was put or for which it was intended was the determining factor in registering the vehicle. (Report Attorney-General, 1919, p. 219.) If that law were still in force, there is no question that petitioners' auto vehicle would be entitled to registration as an ordinary private automobile and not as an auto truck or light delivery car used for the transportation of goods, wares and merchandise.

---

* See Highway Law, § 282, subd. 6, added by Laws of 1910, chap. 374, as amd. by Laws of 1921, chap. 580; Id. § 282, subd. 6a, added by Laws of 1916, chap. 598, as amd. by Laws of 1921, chap. 580. The amendment of 1921 modified the phraseology of the statute as indicated by word within brackets. Since amd. by Laws of 1922, chaps. 535, 536.— [REP.

† See Highway Law, § 282, subd. 6a, added by Laws of 1916, chap. 598, as amd. by Laws of 1917, chap. 724.— [REP.

But, says the Attorney-General, with this opinion before it, the Legislature (Laws of 1920, chap. 687) amended subdivision 6a of section 282 of the Highway Law, striking out from the definition of commercial vehicles the words " and used or to be used for such purpose," leaving the definition of such vehicles, " motor vehicles constructed or specifically equipped for the transportation of goods, wares and merchandise." He argues that this was a direct expression of legislative intent that the construction of the vehicles was the controlling factor in determining the proper classification and not the intended use, and that a car constructed so that it may possibly be adapted for commercial purposes must pay a motor truck license. He asserts the controlling intention of the Legislature in changing the law was to eliminate the necessity for police scrutiny in every case, if actual use were the controlling consideration.

But there is much force in the petitioners, respondents' contention that assuming for the sake of argument that the first sentence of subdivision 6a, as amended, if standing alone, might be held to apply to a station wagon like the petitioners', there is still in the act as amended the provision in paragraph (c) of subdivision 1 of section 282 (added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 727; Laws of 1920, chap. 684, and Laws of 1921, chap. 580) providing for registration, " Provided that, if such motor vehicle *is used or to be used* [italics mine] for purposes mentioned in subdivision six-a of this section, the applicant shall so certify, and also certify as to the weight of the truck and carrying capacity." And we still have subdivision 6: " Further provided that for motor vehicles which *are used or to be used* for purposes mentioned in subdivision six-a of this section, the fee for such registration shall be as therein prescribed." And the language of subdivision 6a: " Schedule for motor vehicles, commonly known as auto trucks or light delivery cars, *used* for the transportation of goods, wares and merchandise." So that, taking the section, as amended in 1920 and 1921, with the various subdivisions, I think the *use* of the car is still an element governing registration.

The respondents cite the Attorney-General's opinion construing the former statute, and assert that it is precisely applicable to their depot wagon, and that if the Legislature intended to do away with the *use* of the vehicle, they should have amended these various subdivisions referred to, and refer to the fact that the allegations of the petition as to the actual facts connected with the construction and use of this car are not controverted or denied in any way.

Taking the allegations of the petition, and the entire act as

amended, I incline to the opinion that the learned justice at Special Term was right.

The order should be affirmed, with ten dollars costs and disbursements.

BLACKMAR, P. J., MANNING, KELBY and YOUNG, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.